UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24127-BLOOM/Torres

THOMAS HODGES, *et al.*,

    Plaintiff,

v.

GOODRX HOLDINGS, INC.,

    Defendant.

_____/

## ORDER ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ECF No. [7] ("Motion"). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Class Action Settlement Agreement and Release dated October 27, 2023 that, if approved, would settle the above-captioned litigation. Decl. of Jonathan B. Cohen in Support of Pls.' Unopposed Mot. for Preliminary Approval of Class Action Settlement ("Cohen Decl.", Ex. A-3, ECF No. [7-1] at 53-91 ("Settlement Agreement"). The parties contemporaneously filed the Cohen Declaration, ECF No. [7-1], the Declaration of Jonathan Fenwick, ECF No. [7-2], and a proposed order granting the Motion, ECF No. [7-3]. The Court has considered the Motion, the supporting submissions, the record in this case, and is otherwise duly advised.

The Court preliminarily finds based on the reasons set forth in the Motion that the Settlement Agreement is fair, reasonable and adequate given the likelihood of Plaintiffs' success at trial; the range of possible recovery; the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense, and potential duration of the

litigation; the substance and amount of opposition to the settlement; and the stage of the proceedings at which the settlement was achieved. *See Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646CIVCOHNSELTZ, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (citing *Bennet v. Behrina Corp.,* 737 F.2d 982, 986 (11th Cir. 1984) (setting forth factors courts consider in determining the fairness of a class action settlement). The Court further finds that conditional class certification is warranted because the requirements set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure are likely to be met. *See Smith*, 2010 WL 2401149, at *5 (conditionally certification class). Finally, the Court finds that the parties' Class Notice and Notice Program set forth in the Settlement Agreement proposal, which propose to provide notice to the individuals allegedly impacted by the dispute via email, publication, and the establishment of a website, is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections under the circumstances. *See* Fed. R. Civ. P. 23(e)(1) (requiring that the court direct notice in a reasonable manner to all class members who would be bound by the proposal). The Court does not pass on the reasonableness of any fee or expense application and will decide upon the reasonableness of such fees and expense application at the hearing on approving the Settlement Agreement described in further detail below ("Final Approval Hearing").

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Preliminary Approval of Class Action Settlement, **ECF No. [7]**, is **GRANTED**. It is further **ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

Case No. 23-cv-24127-BLOOM/Torres

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## I. PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Settlement Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of mediator Bennett G. Picker of Stradley Ronon, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties in connection with mediation and settlement negotiations. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore **GRANTS** preliminary approval of the Settlement Agreement, ECF No. [7-4] at 53-91, and all the terms and conditions contained therein.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows: All natural persons in the United States who used any website, app, or service made available by or through GoodRx at any point prior to October 27, 2023. Excluded from the Settlement Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, the Opt-Outs, as well as the judges presiding over this matter and the clerks of said judges.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of

Case No. 23-cv-24127-BLOOM/Torres

Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of millions of individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Settlement Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court appoints Plaintiffs Thomas Hodges, HaleyRae Cannell, Danielle Benedict, Christopher Britton, Xe Davis, and Emily Hoza as the Class Representatives of the Settlement Class. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Class and that they will be adequate Class Representatives.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Gary M. Klinger and Jonathan B. Cohen of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606 and 3833 Central Ave., St. Petersburg, FL 33713, respectively, and Daniel K. Bryson and Patrick Montoya of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 900 W. Morgan Street, Raleigh, NC 27603, and 201 Sevilla Avenue, Suite 200, Coral Gables, FL 33134, respectively.

### III. NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration ("Kroll") as the Settlement Administrator. Kroll shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.     The Settlement Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13.     The Court also approves the Claim Form, ECF No. [7-1] at 93-95.

### IV.     EXCLUSION AND OBJECTIONS

14.     Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing (online or by U.S. mail), postmarked **no later than February 13, 2023**. To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian, or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in

connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice, postmarked no later than **February 13, 2023**. Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall file their Objection with the Court and serve it on Class Counsel and Defendant's Counsel as set forth in the Class Notice. All such notices of an intent to object to the Settlement Agreement must be written and must: (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof or an attestation that the Settlement Class Member is a member of the Settlement Class; (iv) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, if any, along with documentation setting forth such representation; and (ix) contain a list, including case name, court, and docket number, of all other cases in which the objecting Settlement Class Member and/or the objecting Settlement Class Member's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

17. Any Settlement Class Member who does not timely submit a written Objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

V. **FINAL APPROVAL HEARING**

18. The Court will hold a Final Approval Hearing **on March 7, 2024 at 10:00 a.m.** in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128**.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; and (f) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

VI. **DEADLINES, INJUNCTION & TERMINATION**

| **Deadline** | |
| --- | --- |
| Defendant will Provide the Class List to the Settlement Administrator | **November 14, 2023** |
| Defendant to pre-fund Notice and Admin. Costs | **November 14, 2023** |
| Notice Date | **December 15, 2023** |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | **January 29, 2024** |
| Objection Deadline | **February 13, 2024** |
| Opt-Out Date | **February 13, 2024** |

7

| Claims Deadline | **February 13, 2024** |
|---|---|
| **<u>Final Approval Hearing</u>** | **March 7, 2024** |
| Motion for Final Approval | **February 22, 2024** |
| Payment of Attorneys' Fees, Costs, and Expenses | **March 21, 2024** |
| Settlement Funding Payment | **March 21, 2024** |
| Claim Payments to Class Members | **April 21, 2024** |
| Deactivation of Settlement Website | **September 3, 2024** |

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant; or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or

lack of availability of any defense to the Released Claims.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 31, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record